UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-8177-RMM

UNITED STATES OF AMERICA

v.

NATHANIEL SHAMAD BRAXTON,

                **Defendant**       /

FILED BY _____SP_____ D.C.
Apr 11, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)?   NO

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   NO

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   NO

4. Did this matter involve the participation of or consultation now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   NO

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: _____
Brian D. Ralston
Assistant United States Attorney
Court ID No.: A5502727
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Telephone: (561) 209-1068
Email: Brian.Ralston@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 24-8177-RMM |
| NATHANIEL SHAMAD BRAXTON, | ) |
|  | ) |
|  | ) |
| Defendant(s) | |

FILED BY ___SP___ D.C.

Apr 11, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 6, 2022; March 31, 2024__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm and Ammunition |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Herbert Kyle Belga, ATF
Printed name and title

SWORN TO AND ATTESTED TO ME TELEPHONICALLY (VIA FACETIME) BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF FED. R. CRIM. P. 4.1.

Date: 4/11/24

_____
Judge's signature

City and state: West Palm Beach, FL

Hon. Ryon M. McCabe, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT
## OF CRIMINAL COMPLAINT

Your affiant, ATF Special Agent Herbert Kyle Belga, being first duly sworn, does hereby depose and state as follows:

### AGENT BACKGROUND AND PURPOSE OF AFFIDAVIT

1.  Your affiant, Herbert Kyle Belga, is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, and have been since May 2021. Prior to my current position, I served in the United States Marine Corps for approximately seven years as a Commissioned Officer. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training Program as well as the ATF National Academy. As an ATF Special Agent, I have conducted and participated in investigations of a variety of federal crimes, including firearms and narcotics violations.

2.  I make this Affidavit in support of a criminal complaint charging **Nathaniel Shamod BRAXTON**, herein referred to as "BRAXTON" with possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1).

3.  The facts contained in this Affidavit come from my personal knowledge, training, and experience, as well as information obtained during my investigation from other members of law enforcement, witnesses, and the victims affected by these criminal violations. Because this affidavit is submitted for the limited purpose of obtaining a criminal complaint, it does not contain all the facts known to me about the investigation, but rather, those facts that I submit establish probable cause of the offenses listed herein.

## FACTS IN SUPPORT OF PROBABLE CAUSE

### JULY 6, 2022 – FN FIREARM

4. On June 20, 2022, a state arrest warrant was issued by the Honorable John Parnofiello, 15th Judicial Circuit of Florida, for Javon Edgecombe, a known acquaintance of BRAXTON. On July 6, 2022, a state arrest warrant was executed by the U.S. Marshals Service and the Palm Beach County Sheriff's Office at 2200 N Australian Ave. Apartment #201, West Palm Beach, Florida 33407, also known as the Uptown 22 Apartments, with physical address of 2210 N. Australian Ave. West Palm Beach, Florida 33407.

5. During the execution of the arrest warrant, Edgecombe, BRAXTON, and Harry Mason, a known associate of BRAXTON, were present at the residence. Following the arrest of Edgecombe and after the securing of the apartment, Delray Beach Police Department (DBPD) Detective Michael Liberta applied for a search warrant, which was subsequently authorized by the Honorable Rosemarie Scher, 15th Judicial Circuit of Florida. During the execution of the search warrant, law enforcement recovered two (2) firearms and multiple rounds of ammunition. The firearms were identified as a Glock, Model: G26 Gen4, 9mm caliber semi-automatic pistol, bearing serial number (S/N:) ZMM745, with a 31-round high capacity magazine containing approximately twenty-six (26) rounds of 9mm ammunition; and a Fabrique Nationale Herstal (FN), Five-seven, 5.7x28mm caliber semi-automatic pistol, bearing S/N: 386349226, with a 20-round high capacity magazine containing approximately twenty (20) rounds of 5.7x28mm ammunition. The firearms were later processed for Deoxyribonucleic Acid (DNA) by the DBPD.

6. On or about July 18, 2022, DBPD Det. Megan Vickery applied for a search warrant for BRAXTON's DNA and the search warrant was authorized by the Honorable Debra Moses Stephens, 15th Judicial Circuit of Florida. On July 21, 2022, pursuant to the DNA search warrant,

DBPD Det. Vickery executed the search warrant and collected a DNA buccal swab from BRAXTON at the Palm Beach County Courthouse at 205 N Dixie Highway, Courtroom 11H, West Palm Beach, FL.

7. On or about March 16, 2023, your affiant received a report from DNA Labs International and DBPD Det. Vickery related to the FN Firearm that was recovered on July 6, 2022. The DNA report concluded the following:

   a. Swabs from the FN Firearm Grip: "The DNA profile obtained from this item is approximately 180 quadrillion times more probable if the sample originated from Nathaniel Braxton and three unknown persons than if it originated from four unknown persons. This analysis provides very strong support for the proposition that Nathaniel Braxton is a contributor to the DNA profile obtained from the sample."

   b. Swabs from FN Firearm Sight: "The DNA profile obtained from this item is approximately 84 trillion times more probable if the sample originated from Nathaniel Braxton and two unknown persons than if it originated from three unknown persons. This analysis provides very strong support for the proposition that Nathaniel Braxton is a contributor to the DNA profile obtained from the sample."

## MARCH 31, 2024 – PALMETTO STATE ARMORY RIFLE

8. On March 31, 2024, DBPD Officers were conducting a high visibility patrol due to a recent homicide that occurred within the city of Delray Beach. At approximately 8:15 PM, in the vicinity of 119 NW 7th Ave. Delray Beach, FL 33444, DBPD Officers observed a crowd that began to spill into the parking lot of 615 NW 1st St. Delray Beach, FL, which is the location of

the Saint John Primitive Baptist Church. The parking lot abuts the property of 119 NW 7th Ave. In the entrances to the parking lot of the Church, there are "no trespassing" signs posted and the Church was not in service nor was it occupied at the time of the DBPD Officers' observations.

9. One of the DBPD Officers observed two (2) individuals, BRAXTON and Devontre Richardson (herein referred to after as "Richardson"), in the parking lot of the Church. The Officers stepped out of their marked DBPD patrol vehicles and made contact with BRAXTON and Richardson. BRAXTON and Richardson were known by the Officers as convicted felons from previous law enforcement contacts and intelligence. One of the Officers observed Richardson reaching or discarding an unknown item underneath a blue sedan in his immediate vicinity. The Officer asked Richardson what he was reaching for underneath the vehicle. Richardson then turned and walked away from the Officer.

10. Another Officer observed BRAXTON as he walked away from the vehicle and observed a large object protruding from the back of his hoodie and continuing down his gym shorts. Based on the Officer's training and experience, individuals who are attempting to carry concealed rifles, often have the stock removed and only have the buffer tube exposed instead of a full stock, which was consistent with the object that was protruding from BRAXTON's hoodie. BRAXTON then turned to conceal his backside, where the suspected firearm was and began holding both hands in the air.

11. Due to the aforementioned observations and actions, including their prior knowledge of BRAXTON's felony status and inability to lawfully possess a firearm, as well as, their training and experience, the Officers believed BRAXTON was concealing a firearm. One of the Officers conducted a stop of BRAXTON, frisked his back, and immediately felt and observed a rifle in BRAXTON's shorts and under his hoodie. The firearm was secured and was later

identified as a Palmetto State Armory Rifle PA-15, (Pistol, 5.56 mm, Serial Number: SCD277569) with one (1) round in the chamber and twenty-nine (29) rounds in the magazine.

## BRAXTON'S PRIOR FELONY CONVICTIONS

12. A query of the Florida State judgment and sentencing records recovered from the Florida Comprehensive Case Information System ("CCIS"), as well as Florida Department of Corrections records, confirmed that at all times material hereto, that is, prior to July 6, 2022, BRAXTON was convicted of at least the following felony offenses, which was punishable by a term of imprisonment for a term exceeding one year:

    a. On January 6, 2021, in Palm Beach County Circuit Court Case No. 502020CF007115AXXXMB, the defendant was adjudicated guilty for the offense of Delinquent in Possession of a Firearm pursuant to Florida Statute 790.23(1BD3).

## INTERSTATE NEXUS

13. ATF SA Vincent Rubbo, who has previously been qualified to testify as an expert witness in the interstate commerce nexus of firearms and ammunition, examined the aforementioned firearm and ammunition recovered on July 6, 2022, and March 31, 2024. SA Rubbo advised your affiant that based on his training and experience, as well as the manufacturers' markings on said items, that:

    a. the Fabrique Nationale Herstal, Five-Seven, 5.7x28mm caliber semi-automatic pistol, bearing serial number 386349226 and its accompanying rounds of ammunition, were manufactured outside the state of Florida, and that therefore, of necessity, both the pistols and the ammunition traveled in

and affected interstate and/or foreign commerce prior to their possession by BRAXTON.

b. the Palmetto State Armory, PA-15, (AR-15 variant) Pistol, S/N: SCD277569 and its accompanying rounds of ammunition, were manufactured outside the state of Florida, and that therefore, of necessity, both the pistol and the ammunition traveled in and affected interstate and/or foreign commerce prior to their possession by BRAXTON.

## CONCLUSION

On the basis of the foregoing, your affiant respectfully submits that probable cause exists to charge defendant **Nathaniel BRAXTON** with Possession of a Firearm and Ammunition by a Convicted Felon, in violation of Title 18, United States Code, Sections 922(g)(1).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

_____
Special Agent Herbert Kyle Belga
Bureau of Alcohol, Tobacco, Firearms and Explosives

ATTESTED TO ME TELEPHONICALLY (VIA FACETIME) BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF FED. R. CRIM. P. 4.1 THIS _11_ DAY OF APRIL 2024.

_____
HONORABLE RYON M. MCCABE
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Nathaniel Shamad Braxton

**Case No**: _____

Count #: 1

Felon in Possession of a Firearm and Ammunition

18 U.S.C. § 922(g)(1)
* **Max. Term of Imprisonment:** 15 Years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** 250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.